IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROLANDO FLORES LEYNEZ,**

      Petitioner,

v.                                                                                  Case No. 2:26-cv-01006-WJ-KK

**TODD BLANCHE,** Acting Attorney General
of the United States; MARKWAYNE MULLINS,
Secretary of the Department of Homeland Security;
TODD M. LYONS, Acting Director of
United States Immigration and Customs Enforcement;
BILL SHAW, Assistant Field Office Director,
U.S. Immigration and Customs Enforcement,
Albuquerque Field Office;
WARDEN, Torrance County Detention Center

      Respondents.

## MEMORANDUM OPINION AND ORDER GRANTING WRIT OF HABEAS CORPUS IN PART AND ORDERING PROMPT BOND HEARING

THIS MATTER comes before the Court upon Petitioner Rolando Flores Leynez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. **[Doc. 1]**. Petitioner, a Mexican citizen, represents that he entered the United States without inspection in 2009 at the age of 16 and has since resided here. **[Doc. 1 at 2]**. Petitioner claims he was arrested without a warrant outside his apartment building in Minnesota and placed into the custody of Immigration and Customs Enforcement on or about January 9, 2026, transported to a detention center in Texas and transferred to New Mexico on or about January 21, 2026. **[*Id.* at 1, 3]**. Petitioner is presently detained at Torrance County Detention Center. **[*Id.* at 1].**

Petitioner asserts that his detention without a bond hearing violates the Immigration and Nationality Act, the Due Process Clause of the Fifth Amendment, and the *Accardi* doctrine. He

also asserts that his arrest did not comply with the Fourth Amendment.  Petitioner seeks immediate release and an order that he not be re-detained without a bond hearing.  In the alternative, he seeks a bond hearing pursuant to 8 U.S.C. § 1226(a).  **[*Id.* at 4; Doc. 6 at 3–4]**.  This Court has jurisdiction under 28 U.S.C. § 2241.  Having considered the parties' submissions and the relevant law, the Court concludes that a prompt bond hearing before a neutral immigration judge is the appropriate relief.

Although Petitioner advances several grounds for relief, the dispositive issue is whether his detention is governed by 8 U.S.C. § 1225 or § 1226.  If Petitioner is properly detained pursuant to § 1226(a), he is entitled to certain procedural protections—"namely, an individualized bond hearing before an [immigration judge]." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025).  If Petitioner is subject to mandatory detention under § 1225(b)(2)(A), as Respondents contend, **[Doc. 5 at 3]**, the same procedural protections do not apply.

This Court recently addressed this issue in *Melchor-Rios v. Ortiz*, No. 2:25-cv-01055-WJ-GJF, 2025 WL 3764775, at *2 (D.N.M. Dec. 30, 2025), concluding that individuals who, like Petitioner, entered the United States long ago and presently reside here are detained pursuant to § 1226 and are therefore entitled to an individualized bond determination before an immigration judge.  *See also Gutierrez v. Garcia*, No. 2:25-cv-001145-WJ-KRS, 2026 WL 310064, at *3–5 (D.N.M. Feb. 5, 2026) (concluding that § 1226, not § 1225, applies to noncitizens' detention after presence in the United States for years).  The Court finds no material distinction between the circumstances presented in that case and those presented here.  And although Respondents maintain their previous position that § 1225 is the governing statute, they concede that absent binding, intervening precedent, this Court's prior decision controls the outcome in this case.  **[Doc. 5 at 3]**.

Petitioner requests immediate release.  The Court concludes, however, that the appropriate remedy is to afford Petitioner the process to which he is entitled under § 1226.  *See Velasquez Salazar*, 806 F. Supp. 3d at 1241.  Because a bond hearing provides complete relief with respect to the statutory defect identified above, the Court need not address Petitioner's remaining claims for relief.

IT IS THEREFORE ORDERED that the Petition is GRANTED IN PART. Respondents **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge within **seven (7) days** of entry of this Order.  If such hearing is not provided within that period, Respondents shall release Petitioner from custody unless and until an immigration judge orders continued detention.  Petitioner's counsel is instructed to file a status report within **five (5) days** of any bond hearing, or if no bond hearing has occurred, within **ten (10)** days of entry of this Order, advising the Court of Petitioner's custody status.

IT IS FURTHER ORDERED that if Petitioner is released, Respondents shall return Petitioner's personal belongings, including, but not limited to his wallet, credit and debit cards, clothing, keys, and identification documents.

/s/_____

WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

3