**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ROLANDO FLORES LEYNEZ,**

Petitioner,

v. Case No. 1:26-cv-01006-WJ-KK

**TODD BLANCHE,** Acting Attorney General
of the United States; MARKWAYNE MULLIN,
Secretary of the Department of Homeland Security;
TODD M. LYONS, Acting Director of
United States Immigration and Customs Enforcement;
BILL SHAW, Assistant Field Office Director,
U.S. Immigration and Customs Enforcement,
Albuquerque Field Office;
WARDEN, Torrance County Detention Center,
in their official capacities,

Respondents.

**ORDER DISMISSING/DENYING MOTION TO ENFORCE AND FOR IMMEDIATE RELEASE**

THIS MATTER comes before the Court upon Petitioner Rolando Flores Leynez's Motion to Enforce the Court's June 23 Order and for Immediate Release ("the Motion"), **[Doc. 10]**, the United States' response **[Doc. 12],** and Petitioner's Reply **[Doc. 14]**. The Court has continuing jurisdiction over these proceedings under § 2241 and federal courts' inherent authority to enforce their lawful judgments. For the reasons below, the Court DISMISSES the Motion for lack of jurisdiction to the extent it seeks reconsideration of the immigration judge's discretionary bond determination and DENIES it in all other respects.

**BACKGROUND**

On June 23, 2026, the Court entered an order granting a writ of habeas corpus and directing

that Respondents provide Petitioner with a bond hearing before a neutral immigration judge within seven days of the order's entry ("the Order"). **[Doc. 7]**. On June 26, 2026, an individualized bond hearing proceeded before an immigration judge. Following the presentations of counsel for Petitioner and DHS, the immigration judge stated, "although the burden remains on the Respondent [Petitioner Flores Leynez], I have considered the evidence on this case," which included Petitioner's evidence filed June 24, 2026. **Hearing Audio, *see* Doc. 13, at 13:30–14:11**. The immigration judge then found that DHS did not prove that Petitioner posed a danger to the community. **Hearing Audio at 14:21–30**; ***see also*** **Doc. 12-1 at 1.** The Court, however, concluded that there was insufficient evidence on the bond record to support a likelihood of Petitioner obtaining cancellation of removal under the Violence Against Women Act—the sole category of immigration relief he had pursued. ***See*** **Audio at 14:36–53; Doc. 12-1 at 2**. The immigration court ultimately denied bond based on a finding that Petitioner posed a flight risk. **Doc. 12-1 at 2.**

The order states that the immigration judge arrived at this determination after considering "all relevant factors" concerning Petitioner, including

> local family ties, length of residence in the community, prior arrests, convictions, record of appearances at hearings, employment history, membership in community organizations, manner of entry and length of time in the United States, immoral acts or participation in subversive activities, property or business ties, fixed address, availability and likelihood of relief, and financial ability to post bond.

**Doc. 12-1 at 2**.

## DISCUSSION

A bond hearing was timely held. **[Doc. 10 at 2]**. Accordingly, Respondents fully complied with this Court's directives, and there remains no further relief to enforce. For this fundamental reason, the motion to enforce the Order necessarily fails.

Notwithstanding Respondents' compliance with the Court's plain instructions, Petitioner urges that more robust process was required. Petitioner contends that the government should have been required to bear the burden to justify continued detention by clear and convincing evidence, whereas here, the immigration judge placed the burden of proof on Petitioner to show he was not a danger or flight risk. Further, he contends that the immigration judge improperly based the denial of bond on the finding that the prospect of attaining immigration relief was speculative. In his view, these deficiencies warrant immediate release.

As for the burden of proof, the Motion cites orders by courts within this District ordering bond hearings at which the United States must bear the burden of proof. *See* **Doc. 10** (citing *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1245 (D.N.M. 2025); *Requejo Roman v. Castro*, 816 F. Supp. 3d 1267, 1284 (D.N.M. 2026); and *Shulqui v. Bondi*, No. 26-cv-00205-KG-DLM, 2026 WL 821138, at *3 (D.N.M. Mar. 25, 2026)). The Court recognizes that some courts have challenged the burden-shifting framework traditionally applied in immigration detention hearings. While according to longstanding agency precedent, the burden is on the Petitioner to show that "he or she merits release on bond," *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006), some courts have determined that under certain circumstances, the evidentiary burden should be transferred to the government, such as where the detention has become unreasonably prolonged. *See Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011) (holding that initially detained under § 1226(c) becomes subject to § 1226(a) after prolonged detention, which requires the government to prove by clear and convincing evidence that continued detention is warranted); *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185–86 (D. Colo. 2024) (concluding that due process required the government to justify continued detention where detention under § 1226(a) became "unduly prolonged") (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 855 (2d Cir. 2020)).

As Petitioner acknowledges, however, this Court's habeas order, by contrast, did not specify the burden of proof to apply at the hearing in this case. **Doc. 7 at 3; *id.* at 10**; **Hearing Audio at 8:40–9:01**. And neither statute nor binding Tenth Circuit precedent specifies the burden to apply in custody determinations under § 1226(a). *See* 8 U.S.C. § 1226(a); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. June 30, 2026) (holding that "[b]ecause Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release."). Therefore, the immigration judge's placement of the burden of proof on the Petitioner, in accordance with the agency's established procedures, *see, e.g.*, *In re R-A-V-P-*, 27 I. & N. Dec. 803, 804 (2020), is consistent with the Order and governing law. Due process does not require anything more at this stage in the proceedings.

Petitioner asserts that the immigration judge placed undue weight on her finding that the evidence did not demonstrate that Petitioner would likely obtain immigration relief and was therefore at risk of failing to appear for future immigration proceedings. **Doc. 10 at 13–18.** Petitioner's claim, in substance, challenges the evidentiary basis for the immigration judge's discretionary determination. Such a challenge may be pursued through administrative appeal to the BIA, but statute precludes this Court from entertaining it on habeas review. 8 U.S.C. § 1226(e) ("[T]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review."); *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. Mar. 12, 2012) (court lacks jurisdiction to review the Executive's discretionary bond decisions). Accordingly, this claim must be dismissed for lack of jurisdiction.

## CONCLUSION

In sum, consistent with the Court's Order, dated June 23, 2026, and § 1226(a), Respondents

have provided the Petitioner with an individualized bond hearing. Pursuant to 8 U.S.C. § 1226(e), the Court lacks jurisdiction to review an immigration judge's discretionary decision to deny bond. Therefore, Petitioner's Motion is DISMISSED and DENIED.

**SO ORDERED.**

/s/_____________________________________
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE